# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
(Boston Division)

EXPERIENCE HENDRIX, L.L.C.,

                Plaintiff,

v.

587 BOLTON ST., INC., JOHN STOURNARAS,
and SHARON STOURNARAS,

                Defendants.

Civil Action No. _____

## COMPLAINT

Plaintiff, by its undersigned attorney, alleges as follows:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

5.  On information and belief, Defendant 587 Bolton St., Inc. ("BSI") is a corporation organized under the laws of the state of Massachusetts with offices at 19 Westgate Road, Framingham, Massachusetts 01701.

6.  At all times hereinafter mentioned, BSI did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Bolton Street Pub, located at 587 Bolton Street, Marlborough, Massachusetts 01752.

7.  Musical compositions were and are publicly performed at Bolton Street Pub.

8.  Defendant John Stournaras is an individual who resides and/or does business in this District.

9.  Defendant Sharon Stournaras (Sharon Stournaras, together with John Stournaras, and BSI, "Defendants") is an individual who resides and/or does business in this District.

10. At all times hereinafter mentioned, John Stournaras and Sharon Stournaras were, and still are, owners, officers, directors, and/or managers of BSI.

11. At all times hereinafter mentioned, John Stournaras and Sharon Stournaras were, and still are, responsible for the control, management, operation and maintenance of the affairs of BSI.

12. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Bolton Street Pub, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Bolton Street Pub.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFF'S COPYRIGHTED MUSICAL COMPOSITIONS**

14. The Plaintiff is a member of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 625,000 songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. Since May 2013, ASCAP representatives have made numerous attempts to contact the Defendants.

17. Defendants have refused all of ASCAP's license offers for Bolton Street Pub.

18. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Bolton Street Pub constitute infringement of ASCAP's members' copyrights in their musical works.

19. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Bolton Street Pub, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. The original musical compositions listed in Column 3 were registered as unpublished compositions on the date stated in Column 5, and since the date of registration have

3

been printed and published in strict conformity with Title 17 of the United States Code

22. The Plaintiff named in each cause of action, including its predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. Each composition is now in its renewal terms of copyright, secured by the due filing of applications for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the claims of renewal in the names of the claimants listed in Column 7. The dates and identification numbers of the respective renewal certificates are set forth in Column 8.

24. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Bolton Street Pub, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25. The public performances on Defendants' premises of the Plaintiff's copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of Defendant's agents, servants or employees, nor any performer, was licensed by, or otherwise received permission from Plaintiff, or any agent, servant, or employee of Plaintiff, to give such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiff's rights.

27. The many unauthorized performances at Bolton Street Pub include the performances of the three copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

4

29. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiff, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiff will suffer irreparable injury, for all of which the said Plaintiff are without any adequate remedy at law.

WHEREFORE, Plaintiff prays:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Bolton Street Pub, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that reasonable attorney's fee be allowed as part of the costs.

Respectfully submitted,

**Experience Hendrix, L.L.C.,**

by its attorney,


 _/s/ Robert M. Shaw_____
Robert M. Shaw (BBO No. 669664)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 305-2018
Fax: (617) 523-6850
*robert.shaw@hklaw.com*

Dated: Boston, Massachusetts
November 8, 2017

Schedule A

| Columns | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal Claimant | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | EXPERIENCE HENDRIX, L.L.C. | FIRE | Jimi Hendrix | December 20, 1968 | EU 999695 Registered as Unpublished<br><br>EP 259288 | James A. Hendrix (The next of kin of the deceased author, Jimi Hendrix) | RE 669-357 January 9, 1995<br><br>RE 736-546 September 17, 1996 | July 14, 2017 |
| 2. | EXPERIENCE HENDRIX, L.L.C. | PURPLE HAZE | Jimi Hendrix | August 24, 1967 | EU 11766 Registered as Unpublished | James A. Hendrix (The next of kin of the deceased author, Jimi Hendrix) | RE 669-243 January 9, 1995 | July 14, 2017 |
| 3. | EXPERIENCE HENDRIX, L.L.C. | STONE FREE | Jimi Hendrix | December 16, 1966 | Efo 118646<br><br>EU 85273 Registered as Unpublished | James A. Hendrix (The next of kin of the deceased author, Jimi Hendrix) | RE 678-076 October 3, 1994<br><br>RE 701-654 November 9, 1994 | July 14, 2017 |